**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JAMES T. MURZIKE,

Plaintiff,

v. Case No. 3:23-cv-1164-WWB-PDB

S. DURBORROW, et al.,

Defendants.

---

# ORDER

On November 30, 2024, the Court *sua sponte* dismissed Plaintiff's Complaint without prejudice to filing an amended complaint by December 20, 2024. (*See* Doc. 18). The Court cautioned Plaintiff that if he did not timely comply, this case could be dismissed without further notice. (*See id.* at 15). Plaintiff did not comply with the Court's Order. On January 3, 2025, the Court entered an Order directing Plaintiff, by February 7, 2025, to file an amended complaint, and to show cause why this case should not be dismissed for failure to comply with the prior Order or otherwise prosecute the case.[1] (*See* Doc. 19). The Court again cautioned Plaintiff that failure to timely comply could result in the dismissal of this case without further notice. (*See id.* at 2). When Plaintiff failed to comply,[2] on February 26, 2025, the Court dismissed the case without prejudice for lack

---

[1] The Court noted that Plaintiff had failed to notify the Court of his new address, and directed the Clerk to send both Orders (Doc. Nos. 18, 19) to the new address. (*See* Doc. 19).

[2] Instead of filing an amended complaint, Plaintiff filed a letter dated January 13, 2025, requesting a copy of his Complaint to prepare "an appeal to Defendants' motion to dismiss." (Doc. 20 (also stating that Plaintiff's personal property and documents were lost or destroyed on October 31, 2024, and January 7, 2025, by Defendants and other prison

of prosecution. (*See* Doc. 23). On March 3, 2025, the Clerk entered judgment accordingly. (*See* Doc. 24). On August 18, 2026 (mailbox),[3] Plaintiff filed his present Motion for Relief from Judgment, Order, or Dismissal for "Excusable Neglect" under Federal Rule of Civil Procedure 60(b) ("**Motion**"). (*See* Doc. Nos. 28, 28-1). In the Motion, Plaintiff asks the Court to overturn the dismissal of this case "with an extension of time to prepare a proper response," because Plaintiff's personal "property has not been received yet." (Doc. 28 at 1).

Rule 60(b) governs motions seeking relief from a final judgment, order, or proceeding filed within a reasonable time, or no more than a year after the entry of the judgment or order, or the date of the proceeding. Fed. R. Civ. P. 60(c). "The purpose of a Rule 60(b) motion is to permit the district court to reconsider matters . . . as to correct obvious errors or injustices." *Anderson v. United States*, 159 F. App'x 936, 938 (11th Cir. 2005).[4] Specifically, Rule 60(b) allows the Court to relieve a party from a final judgment, order, or proceeding for the following reasons: (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"; (3) fraud, misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) "any other reason that

---

officials)). The Court struck the letter and advised Plaintiff there was no motion to dismiss pending. (*See* Doc. 21). The Clerk provided Plaintiff with a copy of the docket sheet. (*Id.*). On February 18, 2025, Plaintiff filed a notice of change of address, but still did not comply with the Court's Orders. (*See* Doc. 22).

[3] *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (mailbox rule).

[4] Any unpublished decisions cited in this Order are deemed persuasive authority on the relevant point of law. *See McNamara v. GEICO*, 30 F.4th 1055, 1061 (11th Cir. 2022).

justifies relief." Fed. R. Civ. P. 60(b). Although the Court may grant relief "for any other reason that justifies relief," "[r]elief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Crapp v. Miami Beach*, 242 F.3d 1017, 1020 (11th Cir. 2001) (citation omitted).

Plaintiff has not timely or adequately shown that relief under Rule 60(b) is warranted. First, Plaintiff's Motion was filed over a year after the Clerk entered a judgment in this case. (*See* Doc. Nos. 24, 28). Further, even ignoring the untimeliness, Plaintiff has not shown excusable neglect, or any other basis, to justify relief under Rule 60(b). Accepting Plaintiff's assertion that his legal paperwork was destroyed upon his transfer on October 31, 2024, and January 7, 2025, (*see* Doc. 20), Plaintiff does not explain why he did not respond to the Court's Orders, dated November 30, 2024, and January 3, 2025, which he received after his personal property had been destroyed.[5] In those Orders, Plaintiff was cautioned that failure to timely comply could result in the dismissal of this action without further notice. (*See* Doc. Nos. 18, 19). Also, when the Court subsequently struck Plaintiff's January 13, 2025 letter, that Order, along with a copy of the docket sheet was mailed to Plaintiff on January 23, 2025. (*See* Doc. Nos. 20, 21). Upon receipt of the docket sheet, Plaintiff still had sufficient time to comply with the Court's prior Orders by February 7, 2025, or at least apprise the Court of his situation up until the case was dismissed on February 26, 2025. Plaintiff did not file anything other than a notice of change of address on February 18, 2025, and then after the case was dismissed inexplicably waited over a year before filing the present Motion. Under these

[5] The Court's docket shows that the Clerk forwarded these Orders to Plaintiff's new address on January 6, 2025.

circumstances, Plaintiff's conclusory assertions of excusable neglect are insufficient to justify relief under Rule 60(b).

Therefore, it is **ORDERED** and **ADJUDGED** that Plaintiff's Motion for Relief from Judgment, Order, or Dismissal for "Excusable Neglect" under Federal Rule of Civil Procedure 60(b) (Doc. 28) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, on September 8, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-11
c:
James T. Murzike, #L07713